UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JAMES A. WESLEY, JR.,**

    **Plaintiff,**

v.                                             Case No. 5:23-cv-239-TKW-MJF

**S. PAYNE** and **C. WARKER,**

    **Defendants.**

_____/

# ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 10) and Plaintiff's objections (Doc. 13). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed as malicious and an abuse of process based on Plaintiff's failure to completely and honestly disclose his litigation history. *See Burrell v. Moore*, 854 F. App'x 624 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury....").

1

The Court did not overlook Plaintiff's argument that he should have been given an opportunity to explain his failure to fully disclose his litigation history, but that argument is based on the flawed premise the recommended dismissal of his complaint was a "sanction" under Fed. R. Civ. P. 11. It was not. The Report and Recommendation did not cite Rule 11 and explained that dismissal was warranted under 28 U.S.C. §1915A(b)(1) based on Plaintiff's failure to comply with the clear directive in the civil rights complaint that explicitly warned him that his failure to disclose all his prior cases may result in the dismissal of this case.

The Court also did not overlook Plaintiff's argument that he should have been given an opportunity to amend his complaint to include the omitted case because the omission was an unintentional "oversight" and a "simple mistake." However, "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."). Moreover, even if the omission was an "oversight" or a "simple mistake," that would not change the fact that Plaintiff's answer to the

2

litigation history question was untruthful. *See Sheffield v. Brown*, 2023 WL 9018377, at *2 (N.D. Fla. Dec. 29, 2023) (explaining that inmate's claim that he disclosed his prior cases to the "best of his ability" did not save his case from dismissal because "that does not change the fact that his answer to the litigation history question on the civil rights complaint form was untruthful").

Finally, the Court did not overlook Plaintiff's argument that dismissal of this case is "drastic and extreme." However, that argument is not persuasive because the dismissal is "without prejudice"—which means that Plaintiff can re-file the suit under a new case number. *See Washington v. Dyas*, 2023 WL 359508, at *1 (N.D. Fla. Jan. 23, 2023) (rejecting inmate's argument that dismissal of case without prejudice is a "draconian sanction" because it did not preclude him from pursing his claim under a new case number). The fact that Plaintiff will have to pay a new filing fee if he re-files the suit is a direct consequence of his failure to fully disclose his litigation history and Plaintiff has no one to blame for that but himself.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This action is **DISMISSED without prejudice** as malicious and an abuse of the judicial process under 28 U.S.C. §1915A(b)(1).

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 25th day of March, 2024.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**